**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISRAEL JESUS RIVERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY,<br><br>　　　　　Defendant. | Civil Action No. 22-6128 (KMW) (AMD)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

　　This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

### I.　BACKGROUND

　　In his complaint, Plaintiff seeks to sue the Atlantic County Justice Facility, the county jail in which he is currently incarcerated as a criminal pre-trial detainee. (ECF No. 1 at 3-6.) According to Plaintiff, although the jail does have a chaplain, it does not provide religious services

for inmates. (*Id.* at 5-6.) Plaintiff, who asserts that he is "a man of God" who "need[s] the Word," contends that this lack of services violates his right to religious expression. (*Id.*) Plaintiff does not detail his religious beliefs or describe what his sincere beliefs require in the way of religious services, but he does allege that the lack of services has led him into a state of depression.

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544,

2

555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to bring a civil rights claim based on the denial of his right to religious expression in the form of religious services against the Atlantic County Justice Facility. A county jail such as the Facility, however, is not a person subject to suit under 42 U.S.C. § 1983. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). As the sole named Defendant in this matter is not a person subject to suit under the statute, Plaintiff's complaint must be dismissed without prejudice at this time. *Id.*

Even had Plaintiff named a proper Defendant, however, his complaint remains deficient as he has failed to plead any facts describing what his sincerely held religious beliefs are, or what he believes are required of him as a member of his faith. The failure to plead such facts is fatal to Plaintiff's attempt to plead a religious exercise claim. *See DeHart v. Horn*, 227 F.3d 47, 51-52 (3d Cir. 2000) (threshold requirement of religious exercise claim under § 1983 is that Plaintiff pleads facts indicating that he has beliefs which are religious in nature and that he sincerely holds

those beliefs). Only where a plaintiff pleads facts indicating what his religious beliefs are, that they are sincerely held, and that those specific beliefs are being impugned by the facility in which he is imprisoned will a court turn to the question of whether the prison's impositions are sufficiently related to legitimate penological interests to survive constitutional scrutiny. *Id.* Thus, if Plaintiff chooses to file an amended complaint naming a proper Defendant, he should address this deficiency as well.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge